**SEALED**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>(1) JOSE HERNANDEZ,<br>(2) JONATHAN PLATON,<br>(3) JOHAN ABREAU,<br>(4) ELVI LAJARA,<br>(5) ALYSON BOUCHARD<br>(6) EDILBERTO CALLE-ALVAREZ,<br>(7) RANDY PADILLA,<br>(8) ANGEL ALMANZAR, and<br>(9) RICARDO SANTANA,<br><br>Defendants. | CRIMINAL NO. 18cr10348<br><br>Violations:<br><br>21 U.S.C. § 846 – Conspiracy to Distribute and Possess with Intent to Distribute 400 Grams or More of Fentanyl<br><br>21 U.S.C. § 841 – Distribution of and Possession with Intent to Distribute 40 Grams or More of Fentanyl<br><br>21 U.S.C. § 841 – Distribution of and Possession with Intent to Distribute Fentanyl<br><br>18 U.S.C. § 2 – Aiding and Abetting<br><br>21 U.S.C. § 853 – Drug Forfeiture Allegation |

## INDICTMENT

**COUNT ONE:** (Title 21, United States Code, Section 846 – Conspiracy to Distribute and Possess with Intent to Distribute 400 Grams or More of Fentanyl)

The Grand Jury charges that:

From a date unknown to the Grand Jury, but by no later than May 3, 2018, and continuing thereafter until on or about September 25, 2018, at Lawrence, Haverhill, Lowell, and elsewhere in the District of Massachusetts, and elsewhere,

    (1) **JOSE HERNANDEZ,**
    (2) **JONATHAN PLATON,**
    (3) **JOHAN ABREAU,**
    (4) **ELVI LAJARA,**
    (5) **ALYSON BOUCHARD**
    (6) **EDILBERTO CALLE-ALVAREZ,**
    (7) **RANDY PADILLA,**

      (8)     **ANGEL ALMANZAR, and**
      (9)     **RICARDO SANTANA,**

defendants herein, did conspire with each other and with persons known and unknown to the Grand Jury, to knowingly and intentionally distribute and possess with intent to distribute a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, also known as fentanyl, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

It is further alleged that the offense charged in Count One involved 400 grams or more of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, also known as fentanyl, a Schedule II controlled substance. Accordingly, Title 21, United States Code, Section 841(b)(1)(A)(vi) applies to this Count.

It is further alleged that, with respect to Count One, 40 grams or more of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, also known as fentanyl, a Schedule II controlled substance, were reasonably foreseeable by and attributable to defendants **(1) JOSE HERNANDEZ, (2) JONATHAN PLATON, (3) JOHAN ABREAU, (4) ELVI LAJARA, (5) ALYSON BOUCHARD,** and **(8) ANGEL ALMANZAR.** Accordingly, Title 21, United States Code, Section 841(b)(1)(B)(vi) applies to defendants **(1) JOSE HERNANDEZ, (2) JONATHAN PLATON, (3) JOHAN ABREAU, (4) ELVI LAJARA, (5) ALYSON BOUCHARD,** and **(8) ANGEL ALMANZAR.**

All in violation of Title 21, United States Code, Section 846.

**COUNT TWO:** (Title 21, United States Code, Section 841 – Distribution of and Possession with Intent to Distribute Fentanyl)

The Grand Jury further charges that:

On or about May 3, 2018, at Lawrence, in the District of Massachusetts, the defendant,

**(1) JOSE HERNANDEZ,**

did knowingly and intentionally distribute and possess with intent to distribute a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, also known as fentanyl, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1).

3

**COUNT THREE:** (Title 21, United States Code, Section 841 – Distribution of and Possession with Intent to Distribute 40 Grams or More of Fentanyl)

The Grand Jury further charges that:

On or about May 30, 2018, at Lawrence, in the District of Massachusetts, the defendant,

### (2) JONATHAN PLATON,

did knowingly and intentionally distribute and possess with intent to distribute 40 grams or more of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, also known as fentanyl, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(vi).

4

**COUNT FOUR:** (Title 21, United States Code, Section 841 – Distribution of and Possession with Intent to Distribute 40 Grams or More of Fentanyl)

The Grand Jury further charges that:

On or about June 13, 2018, at Lawrence, in the District of Massachusetts, the defendant,

### (3) JOHAN ABREAU,

did knowingly and intentionally distribute and possess with intent to distribute 40 grams or more of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, also known as fentanyl, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(vi).

**COUNT FIVE:** (Title 21, United States Code, Section 841 – Possession with Intent to Distribute 40 Grams or More of Fentanyl; Title 18, United States Code, Section 2 – Aiding and Abetting)

The Grand Jury further charges that:

On or about July 5, 2018, at Haverhill, in the District of Massachusetts, the defendants,

    (3) **JOHAN ABREAU** and
    (4) **ELVI LAJARA**,

did knowingly and intentionally possess with intent to distribute 40 grams or more of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, also known as fentanyl, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(vi) and Title 18, United States Code, Section 2.

**COUNT SIX:** (Title 21, United States Code, Section 841 – Possession with Intent to Distribute 40 Grams or More of Fentanyl)

The Grand Jury further charges that:

On or about July 5, 2018, at Haverhill, in the District of Massachusetts, the defendant,

### (5) ALYSON BOUCHARD,

did knowingly and intentionally possess with intent to distribute 40 grams or more of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, also known as fentanyl, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(vi).

7

**COUNT SEVEN:** (Title 21, United States Code, Section 841 – Distribution of and Possession with Intent to Distribute Fentanyl)

The Grand Jury further charges that:

On or about August 2, 2018, at Lowell, in the District of Massachusetts, the defendant,

### (6) EDILBERTO CALLE-ALVAREZ,

did knowingly and intentionally distribute and possess with intent to distribute a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, also known as fentanyl, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1).

**COUNT EIGHT:** (Title 21, United States Code, Section 841 – Distribution of and Possession with Intent to Distribute Fentanyl)

The Grand Jury further charges that:

On or about August 20, 2018, at Lawrence, in the District of Massachusetts, the defendant,

**(7) RANDY PADILLA,**

did knowingly and intentionally distribute and possess with intent to distribute a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, also known as fentanyl, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1).

**COUNT NINE:** (Title 21, United States Code, Section 841 – Distribution of and Possession with Intent to Distribute Fentanyl)

The Grand Jury further charges that:

On or about August 23, 2018, at Lawrence, in the District of Massachusetts, the defendant,

**(8) ANGEL ALMANZAR,**

did knowingly and intentionally distribute and possess with intent to distribute a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, also known as fentanyl, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1).

**COUNT TEN:** (Title 21, United States Code, Section 841 – Distribution of and Possession with Intent to Distribute Fentanyl; Title 18, United States Code, Section 2 – Aiding and Abetting)

The Grand Jury further charges that:

On or about August 23, 2018, at Haverhill, in the District of Massachusetts, the defendants,

      (8)  **ANGEL ALMANZAR and**
      (9)  **RICARDO SANTANA,**

did knowingly and intentionally distribute and possess with intent to distribute a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, also known as fentanyl, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

**COUNT ELEVEN:** (Title 21, United States Code, Section 841 – Distribution of and Possession with Intent to Distribute 40 Grams or More of Fentanyl)

The Grand Jury further charges that:

On or about September 5, 2018, at Lawrence, in the District of Massachusetts, the defendant,

**(1) JOSE HERNANDEZ,**

did knowingly and intentionally distribute and possess with intent to distribute 40 grams or more of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, also known as fentanyl, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(vi).

## DRUG FORFEITURE ALLEGATION
### (Title 21, United States Code, Section 853)

The Grand Jury further charges that:

1. Upon conviction of one or more of the offenses set forth in Counts One through Eleven of this Indictment, the defendants,

    (1) JOSE HERNANDEZ,
    (2) JONATHAN PLATON,
    (3) JOHAN ABREAU,
    (4) ELVI LAJARA,
    (5) ALYSON BOUCHARD,
    (6) EDILBERTO CALLE-ALVAREZ,
    (7) RANDY PADILLA,
    (8) ANGEL ALMANZAR, and
    (9) RICARDO SANTANA,

shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offenses; and any and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offenses.

2. If any of the forfeitable property described in Paragraph 1 above, as a result of any act or omission of the defendants,

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

13

Case 1:18-cr-10348-LTS *SEALED* Document 3 Filed 09/26/18 Page 13 of 15

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the property described in Paragraph 1 above.

All pursuant to Title 21, United States Code, Section 853.

A TRUE BILL

_____
FOREPERSON OF THE GRAND JURY

_____
PHILIP C. CHENG
Assistant U.S. Attorney

DISTRICT OF MASSACHUSETTS;

Returned into the District Court by the Grand Jurors and filed.

_____
DEPUTY CLERK

DATED: 9/26/2018 @ 3:45 pm

15